IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



| | | |
|---|---|---|
| ROBERT CHARLES MORRIS, | § | |
| | § | |
| Movant, | § | |
| | § | |
| VS. | § | NO. 4:08-CV-676-A |
| | § | (NO. 4:06-CR-051-A) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

MEMORANDUM OPINION
and
ORDER

Having considered the motion filed by Robert Charles Morris, movant, under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody, movant's supporting memorandum, the response of United States of America, movant's answer to the response, the record, and applicable authorities, the court has concluded that such motion should be denied.

I.

Grounds of, and Relief Sought by, the Motion

The motion has three grounds, each of which arises from the circumstance that when movant pleaded guilty he did so on a plea agreement that recited that the maximum penalties that the court could impose included "a mandatory term of supervised release of no more than 3 years," Plea Agreement at 2, ¶ 3.C, but when

sentenced his sentence included a life term of supervised release. He contends that the sentence violated the plea agreement, that his trial counsel was ineffective by failing to object to the presentence report (which stated that a life term of supervised release was a sentencing option) or at the sentencing hearing (when the court stated on the record that a life term of supervised release was an option, and later imposed such a sentence), and that his counsel on appeal was ineffective for failing to complain on appeal that the plea agreement was breached when he was given a life sentence of supervision.

Movant is careful to make known to the court that he is not asking the court to vacate his plea of guilty. In his supporting memorandum, he informs the court that he "does not wish to vacate his plea entered into, but to correct the breach of the terms of his plea agreement which he openly agreed to with the Government." Mem. at 2. The prayer in his memorandum asks that the court determine that the plea agreement terms were breached and "[o]rder correction to Morris's sentence to conform to said terms of plea agreement." Id. at 7.

II.

Pertinent History

On July 10, 2006, movant appeared before the court for a plea hearing at which he pleaded guilty to the offense of possession of child pornography charged by Count One of the indictment in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2).[1] The plea of guilty was being entered pursuant to a plea agreement between movant and the government in which the maximum penalties that could be imposed by the court were recited to include "a mandatory term of supervised release of no more than 3 years." Plea Agreement at 2. The parties presented to the court at the plea hearing a factual résumé signed by movant and his trial counsel in which the recitation was made that the maximum possible penalty included "a term of supervised release of 3 years." Factual Résumé at 1.

In reliance on the recitations in the plea agreement and the factual résumé, the court informed movant at the plea hearing that if he were to be convicted on a plea of guilty to the offense charged by the indictment the maximum penalties the court could impose would include "a mandatory term of supervised

---

[1] The indictment contained three counts, each of which charged the same offense.

release of no more than three years." Tr. of July 10, 2006, proceeding at 16. Morris said that he understood that by a plea of guilty he was subjecting himself to the penalties and punishments explained to him by the court. Id. He identified his signatures on the plea agreement and factual résumé, said that he read and understood exactly what each of them said before he signed them, and that he had discussed each of them with his attorney before signing so that he would understand the legal significance of each. Id. at 12-13.

At the July 10 plea hearing, the court explained to movant the procedures that would be followed leading to the preparation by the probation officer who would be assigned to his case of a presentence report; and, the court gave the following explanations to movant by way of emphasis as to why movant should make known any objections he might have to the contents of the presentence report:

> Now, I rely very heavily on that presentence
> report in determining what sentence to impose, so it
> needs to be as complete and as accurate as it possibly
> can be. When you get your copy, you study it over
> carefully, and if you think there's anything in it
> that's incorrect or if you think something is left out
> that ought to be in it, tell your lawyer so he can make
> an objection if what you tell him is a suitable basis

> for a legal objection. And I'll rule on those
> objections at or before the sentencing hearing.

Id. at 9.

The presentence report was prepared and published by the probation office in late August of 2006. PSR at 2. Under the heading "Supervised Release," the probation officer explained:

> The authorized term of supervised release for a
> violation of 18 USC § 2252A(a)(5)(B) & (b)(2) is any
> term of years or Life. 18 USC § 3583(k). However, the
> defendant was admonished of a term of supervised
> release of not more than 3 years which is typically
> applicable for a Class C felony.

Id. at 25, ¶ 103.

At the sentencing hearing conducted December 1, 2006, the court ascertained that movant and his counsel had received the presentence report in a timely manner and had read it and discussed it with each other. Tr. of Dec. 1, 2006, proceeding at 2-3. Objections had been made on behalf of movant to the presentence report, but no objection was directed to the subject of supervised release. After preliminary explanations and discussions at the sentencing, the court stated of record the court's conclusions relative to sentencing ranges. Id. at 5. Included was a statement that "the supervised release range is two years to life." Id. No comment was made by movant or his counsel in response to the court's statement. Thereafter, the

5

court invited movant "to make any statement or presentation [he] would like to make on the subject of mitigation, that is, the things [he thought] the Court should take into account in determining what sentence to impose, or on the subject of sentencing more generally. . . ." Id. at 14. Movant made a statement, but did not make any comment in response to the conclusion stated by the court that the term of supervised release could be as much as life. Id. at 14-15. After hearing from movant, the court announced the sentence, which included a term of supervised release for life. Id. at 16. Neither movant nor his counsel made any objection or comment in response to the court's imposition of a life term of supervised release.

On December 5, 2006, the court signed the judgment of conviction and sentence imposing, inter alia, a life term of supervised release.

So far as the court can determine, the first judicial complaint made by movant of the length of his term of supervised release was by way of the pending motion he filed on November 10, 2008. In his appeal to the Fifth Circuit from his sentence he presented as his only complaint that this court erred in enhancing his sentence based on findings not alleged in the

6

indictment nor proven to a jury beyond a reasonable doubt. The Fifth Circuit affirmed the sentence in August 2007.

III.

Probable Reason Why Movant Did Not
Make Timely Complaint of the Misinformation
in the Plea Agreement and That He Was
Furnished at the Plea Hearing

The court is satisfied from the record of movant's criminal case that movant knew before he was sentenced on December 1, 2006, that the information in the plea agreement and that he received at the July 10, 2006, plea hearing concerning the authorized term of supervised release was inaccurate. The court can infer from the record of movant's criminal case that the explanation given below probably is why movant is just now complaining about the discrepancy between his sentence of supervised release, on the one hand, and the recitation in the plea agreement and what he was told at the plea hearing, on the other.

The plea agreement between movant and the government contemplated that, if the court were to approve the plea agreement, the government would move after the imposition of sentence to dismiss the possession of child pornography charges in Counts Two and Three of the indictment. Plea Agreement at 2,

¶ 5. At the plea hearing the court explained to movant that the court probably would not make a decision on that date as to whether the plea agreement should be accepted or rejected, and that if the court later received information that caused the court to reject the plea agreement, movant and his attorney would be advised of that fact and would be given an opportunity to withdraw his plea of guilty. Tr. of July 10, 2006, proceeding at 5-6. He was informed that if the court rejected the plea agreement neither he nor the government would have any rights or obligations under the plea agreement. Id. at 6.

When he received the presentence report, he was reminded that he was subject to being sentenced as to Count One to a term of imprisonment of at least ten years, up to as much as twenty years. PSR at 24, ¶ 98. Movant also was reminded by the presentence report that if the court were to reject the plea agreement he would be subject to an imprisonment exposure of an additional ten years up to twenty years as to each of the other counts. Id. at 25, ¶¶ 101-02. In other words, he was reminded that, if the court were to reject the plea agreement, he would be subject to imprisonment for a term of sixty years if convicted of all counts of the indictment.

After receiving the presentence report, movant, through counsel, made objections to it, none of which related to supervised release. The probation officer accepted one of the objections, which resulted in the making by way of an addendum of modifications to certain paragraphs in the presentence report.

The probation officer calculated movant's guideline imprisonment range, as modified by the addendum, to be 168 to 210 months. Add. at 4, ¶ 99. And, the probation officer suggested in the addendum that a sentence above the top of the guideline range would be warranted,[2] explaining:

> 113.    There are several factors for the Court to consider in determining whether an upward departure is warranted. USSG § 5K2.0(a)(1)(B) states, the Court may depart from the applicable guideline range in sexual offenses if the Court finds pursuant to 18 USC § 3553(b)(2)(A)(i), that there exists an aggravating circumstance, of a kind, or to a degree, not adequately taken into the consideration by the Sentencing Commission in formulating the guidelines that, in order to advance the objectives set forth in 18 USC § 3553(a)(2), should result in a sentence different from that described.
>
> 113a.   The defendant received a 5-level increase under USSG § 2G2.2(b)(6)(D) because the offense involved at least 600 or more images. The number of images the defendant possessed substantially underrepresented the number of

---

[2] The presentence report contained a similar suggestion. PSR at 27-28, ¶¶ 113-116.

minors depicted. The defendant possessed 4,900 images depicting child pornography, approximately 4,300 more images than what was needed for an increase under USSG § 2G2.2(b)(6)(D). Pursuant to 18 USC § 3553(b) and the provisions of USSG § 5K2.0(a)(2)(A), the Court may depart from the applicable guideline range because this circumstance was not adequately taken into consideration in determining the applicable guideline range.

113b. The defendant possessed 128 child-pornographic videos and several of the video recordings had a length of more than 5 minutes. Neither the child pornographic videos or the length of the video recordings were considered in the guideline computations. Pursuant to USSG § 5K2.0(a)(2)(B), a departure may be warranted in the exceptional case in which there is present a circumstance that the Commission had not identified in the guidelines but that nevertheless is relevant to determining the appropriate sentence. The video recordings and those recordings that were over five minutes in length are unidentified aggravating factors.

114. USSG § 4A1.3(a)(1) states if reliable information indicates that the defendant's Criminal History Category substantially under-represents the seriousness of the defendant's criminal history or likelihood that the defendant will commit other crimes, an upward departure may be warranted.

115. The defendant was a registered sex offender before his involvement in the instant offense. The defendant was required to register as a sex offender after being convicted of Possession of Child Pornography in December 2001. Since that conviction, the defendant was convicted of another sex offense involving children, Indecency With a Child by Contact in June 2005.

> Furthermore, the defendant has admitted fondling at least five other female children wherein the police were not contacted. USSG § 2G2.2, comment. (n.2) stated if the defendant engaged in the sexual abuse of a minor at any time (whether or not such abuse occurred during the course of the offense or resulted in a conviction for such conduct) and USSG § 2G2.2(b)(4) does not apply, an upward departure may be warranted.
>
> 116. The defendant's instant offense involved the defendant possessing child pornography via a computer. Many of the pornographic images involved minors under the age of 12, bondage, and violence. Because sex offenders have the lowest rate of recovery and the highest rate of recidivism than any other criminal defendant, the Court may determine that an upward departure is warrant based on the defendant's likelihood that he will commit other sex-related crimes.
>
> 116a. The reasons for upward departure also take into consideration the history and characteristics of the defendant, reflects the seriousness of the offense, promotes respect for the law, provides just punishment, and protects the public from further crimes, as addressed in 18 USC § 3553(a).

Add. at 7-9, ¶¶ 113-116a.

Thus, before movant was sentenced he had knowledge that there was the potential that, if the plea agreement were to be rejected, he would be exposed by way of upward departure to a sentence of as much as a sixty-year term of imprisonment based on his aggravated history as a pedophile, which involved more than

mere possession of child pornography--it included physical sexual conduct with several children. Movant must have known that, if he took issue with the court's ability to impose a life term of supervised release as part of the sentence on the ground that the recitation relative to supervised release in the plea agreement prevented the court from doing so, the court probably would reject the plea agreement, thus subjecting movant to the risk of a much longer term of imprisonment than would be authorized if the court were to accept the plea agreement.

While unable to say with certainty at this time what action the court would have been taken at or before sentencing relative to the plea agreement if movant had timely complained of the incorrect recitation in the plea agreement and the incorrect advice the court gave movant at the plea hearing, the court is satisfied that it would not have thought adequate a sentence of imprisonment of twenty-one months if the term of supervised release was limited to three years. The action the court probably would have taken if movant had timely complained would have been either to reject the plea agreement or to obtain on the record a waiver from movant of any complaint he might have had by reason of having received incorrect information in the plea agreement and from the court at the plea hearing concerning the

length of the term of supervised release the court could impose in sentencing.

The court believes that movant consciously and intentionally refrained from raising at or before the sentencing hearing the issue he now raises concerning supervised release because he thought he would gain from silence on that subject at that time.

IV.

## Analysis

The Fifth Circuit has made clear that the mere fact that a criminal defendant has been given incorrect, or incomplete, information at a plea hearing concerning supervised release does not mean that the defendant automatically will have relief from an imposed term of supervised release about which he was not informed, or was inadequately informed, at the plea hearing. See United States v. Bachynsky, 934 F.2d 1349 (5th Cir. 1991); see also United States v. Reyes-Ruiz, 868 F.2d 698 (5th Cir. 1989). Also significant to the court's analysis is the failure of movant to maintain that he would not have pleaded guilty to Count One of the indictment if he had known that he was exposed to a life term of supervised release instead of a three-year term. See United States v. Arlen, 947 F.2d 139, 146 (5th Cir. 1991) (holding that a defendant complaining of having received at the plea hearing

incomplete information concerning the effect of supervised release could not complain inasmuch as he failed to explain "why knowledge of all the requirements attendant to supervised release would have caused him to go to trial rather than enter a plea.").

In an unpublished opinion in United States v. Miranda, 277 F.3d 1373, 2001 WL 1485776 (5th Cir. Nov. 8, 2001), the court encountered, and rejected, on appeal from the trial court's judgment of conviction and sentence an argument similar to the one movant makes here. In Miranda, the defendant complained that the district court erred by sentencing him to a five-year supervised release term after having admonished him at his plea hearing that he faced no more than four years supervised released. The Fifth Circuit rejected that contention, as well as the government's concession of error based on the incorrect admonishment. While the unpublished opinion is not to be used as precedent, the court finds persuasive the reasoning used in the opinion, and adopts the following reasoning here:

> The claim is not one of sentencing error but of alleged error under Fed. R. Crim. Proc. 11. Although Miranda states that he relied on the misinformation regarding the four-year maximum term of supervised release in weighing the ramifications of pleading guilty," at no time did he attempt to withdraw his plea or assert that it was involuntary or made without adequate knowledge. Instead, Miranda appears to assert that a Rule 11 error vitiates a subsequently imposed sentence and requires

automatic remand for resentencing. There is no
authority for this proposition.

The district court erred in advising Miranda regarding
the maximum term of supervised release he would
receive, but the error does not affect the sentence
imposed, only the validity of the plea itself. See,
e.g., Rule 11(c) and (h). Because Miranda has not
argued any error in connection with his plea but
requests only resentencing, he seeks relief which is
not available for a Rule 11 violation, and his claim
fails.

Id. at *1.

Similarly, movant's complaints actually assert a Rule 11 error. If he were entitled to any relief, it would be by way of avoidance of his plea of guilty. Movant makes clear that he does not want relief of that kind. See supra at 2.[3]

The court concludes that the incorrect recitation in the plea agreement that the authorized term of supervised release was three years was not an operative part of the plea agreement. Therefore, the court concludes that there was no breach of the plea agreement.[4] Movant does not contend that he was induced to

---

[3] In addition to the references to sections of movant's memorandum on page 2 of this memorandum opinion and order, movant said on page 4 of his supporting memorandum that "Morris does not wish to withdraw his guilty plea, rather he wants to enforce the plea agreement, which can be corrected by this Court to the terms of said agreement of: 3 years supervised release." Mem. at 4.

[4] The court finds unnecessary to devote attention to the government's argument that movant is procedurally barred from complaining now that the government breached the plea agreement, though the court does note that the government has a persuasive argument of procedural bar.

enter into the plea agreement, or to plead guilty pursuant to the plea agreement, by the incorrect recitation.

The court is unable to find that movant had ineffective assistance of trial counsel or appellate counsel. For the reasons given above, the court believes that movant consciously chose not to complain at or before sentencing about his term of supervised release because of his concern that by doing so he would risk receiving a greater sentence of imprisonment. Moreover, under the facts of movant's criminal case, a complaint to this court or the Fifth Circuit about movant's term of supervised release would have been frivolous. Counsel was under no duty to make such a complaint.

V.

ORDER

For the reasons given above,

The court ORDERS that the relief sought by the motion filed by movant under 28 U.S.C. § 2255 on November 10, 2008, be, and is hereby, denied.

SIGNED January 14, 2008.

_____
JOHN McBRYDE
United States District Judge

16